Per Curiam.

Plaintiff presents the question whether a municipal corporation has the power to effectuate an increase in parking-meter fees, where the increase bears no relation to the cost of regulating on-street parking, and the sole purpose is to pay part of the cost of such municipality’s off-street parking program.
Plaintiff contends that the imposition of the increased parking fee for producing revenue is the levying of a tax and an abuse of corporate powers, and that the expenditure of parking-meter receipts in the furtherance of municipal off-street parking violates Section 5a of Article XII of the Constitution.
That section, limiting the purposes, for which “moneys derived from fees, excises, or license taxes relating to the registration, operation, or use of vehicles on public highways, or to fuels used for propelling such vehicles” shall be expended, to “statutory” refunds, payment of “highway” obligations, costs of public highways and bridges and other “statutory ” highway purposes, etc., is a limitation only on the use of state-imposed fees, excise and license taxes and is not applicable to fees imposed by municipal corporations.
The judgment of the Court of Appeals is affirmed on authority of State, ex rel. Gordon, City Atty., v. Rhodes, Mayor, 158 Ohio St., 129, 107 N. E. (2d), 206, paragraph two of the syllabus of which reads:
“Where fees charged by a municipality for the parking of *70 motor vehicles on and off the streets are not unreasonable in amount or designed to bring to the municipality revenue other than sufficient to cover the cost and expense of providing necessary parking facilities for such motor vehicles on and off the streets of the municipality, the charging and collection of such fees will not represent the levy of a tax.”

Judgment affirmed.

WeygaNdt, C. J., Matthias, Hart, ZimmermaN, Stewart, Bell and Taft, JJ., concur.